UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Criminal Action No. 5: 23-140-DCR |
| | ) |
| V. | ) |
| | ) |
| EUGENE LARON FISHBACK, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Eugene Fishback has filed a motion to suppress the use at trial of certain items seized during two searches and to exclude the use of a screenshot[1] of Defendant Hawkins' "Door Dash" account history. [Record No. 83] Fishback's motion to suppress the introduction of items seized will be denied. His motion to exclude statements previously made by Hawkins is unopposed and will be granted. His motion to exclude the image of Hawkins' "Door Dash" account history will be denied.

I.

The items Fishback wishes to have suppressed were seized in two searches executed at 3305 Morhan Way and 175 N. Locust Hill Drive, Apartment #1704. [*Id.*] Fishback argues that the affidavit supporting the warrants lacked the requisite probable cause. The United States advises that it will not seek to introduce evidence seized from 3305 Morhan Way, thus rendering that request moot. The search warrant for 175 N. Locust Hill Drive, Apartment

---

[1] It is unclear if the image is a true screenshot or merely an image of a phone's screen taken from another phone.

#1704 in Lexington, Kentucky, was authorized by United States Magistrate Judge Matthew A. Stinnett on December 6, 2023, and executed later that same day. [Record Nos. 84, p. 9; 84-1]

Fishback argues that the affidavit of probable cause to support this search warrant did not contain allegations that would support a finding that "probable cause exists that specific items related to drug trafficking would be found at the residence." [Record No. 83, p. 5] In particular, Fishback contends that "one of the major items" supporting the affidavit is a confidential informant's statement from two years earlier regarding Fishback's alleged drug activities. [*Id.*] He also suggests that the information relied upon in the affidavit is insufficient to establish probable cause "that drug activities were occurring at or from that address or even that this was Mr. Fishback's residence." [*Id.*]

An issuing judge's finding of probable cause in support of a warrant is afforded great deference. It is not set aside unless the finding was arbitrarily reached. *See United States v. Hines*, 885 F.3d 919, 924 (6th Cir. 2018). When a warrant is challenged based on inadequate probable cause, the Court reviews the affidavit "based on [the] totality of the circumstances," *United States v. Brown*, 732 F.3d 569, 573 (6th Cir. 2013), and "in a commonsense, rather than hypertechnical manner," *United States v. Greene*, 250 F.3d 471, 479 (6th Cir. 2001).

To demonstrate probable cause authorizing a search warrant, "an affidavit must show a likelihood of two things: first, that the items sought are 'seizable by virtue of being connected with criminal activity'; and second, 'that the items will be found in the place to be searched.'" *United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016) (citing *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 (1978)). Because "[t]he nexus between 'criminal activity' and the item to be seized is 'automatic[ ]' when the object of the search is 'contraband,'" police requesting a warrant to search for illegal drugs need only satisfy *Church*'s second prong. *Id.* (citing

*Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 307 (1967)). Under that second requirement, officers requesting a warrant must demonstrate "'a fair probability' that the drugs 'will be found in a particular place.'" *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Upon reviewing the affidavit in its entirety, the undersigned agrees with Magistrate Judge Stinnett's finding of probable cause. Despite Fishback's contention to the contrary, the confidential informant's reported statements from 2021 do not constitute "one of the major items" supporting the existence of probable cause. Instead, probable cause is established through the independent corroboration of relayed information and first-hand observations of trained law enforcement officers, all of which is outlined in the affidavit's nearly 20-page probable cause section. The information demonstrates more than "a fair probability" that seizable drug contraband would be found within 175 N. Locust Hill Drive, Apartment #1704. Accordingly, Fishburn's motion to suppress the evidence seized at that location will be denied.

## II.

Fishback also moves to exclude the use of a screen shot showing the co-defendant's "Door Dash" account history. This image was obtained when Hawkins was being interviewed by DEA Agent Jason Moore and was asked about the Stoney Brooke apartments. While Hawkins stated that she did not live there, she relayed that Fishback did and that she had visited him there. Hawkins advised that she could provide an exact address by checking her "Door Dash" account history. Agent Moore photographed the phone screen while it was displaying what Hawkins' identified to be Fishback's address. Fishback argues that the comments made by Hawkins violate Fishback's right of confrontation, and that in the absence of her statements the image of the phone is irrelevant. The United States does not object to excluding Hawkins' statements but opposes suppression of the image itself.

The address being in Hawkins' "Door Dash" account history is relevant under Rule 401 because it links Hawkins to that address. The United States may then use that to show that Hawkins "had dominion, control, and ownership of the contraband." [Record No. 84] To the extent that the United States excludes statements that Hawkins' previously made tying Fishback to that address, the image is relevant and can be properly introduced at trial.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Fishback's motion [Record No. 83] is **GRANTED**, in part, and **DENIED**, in part, consistent with this Memorandum Opinion and Order.

Dated: May 15, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky